## 32023. ORKIN et al. v. THE STATE.

PER CURIAM.

We granted certiorari in *Orkin v. State,* 140 Ga. App. 651 (231 SE2d 481 (1976)), to determine whether the newly discovered evidence in this case requires suppression of wiretap evidence under the exclusionary rule contained in Code Ann. § 26-3004 (k).[1]

---

[1] We originally granted certiorari to determine, additionally, whether the newly discovered evidence proved a violation of Code Ann. § 26-3004 (c), thus requiring suppression under § 26-3007. Upon re-consideration, it appears that this question is not properly before this court as it was not raised initially before the Court of Appeals or in the motion for rehearing in that court. See Rule 36 (h), Rules of the Supreme Court of the State of Georgia.

Section 26-3004 (k) was construed by this court in *Orkin v. State,* 236 Ga. 176 (3) (223 SE2d 61) (1976). The present case involves the application of that Code section as construed by this court to an admittedly close set of facts.[2] For the purposes of the writ of certiorari this does not involve a matter of gravity and importance. See Rule 36 (j), Rules of the Supreme Court of the State of Georgia. Therefore, the writ of certiorari will be dismissed as improvidently granted.

*Writ dismissed. All the Justices concur, except Nichols, C.J., Undercofler, P.J., and Hill, J., who dissent.*

ARGUED APRIL 11, 1977 — DECIDED MAY 12, 1977 —
REHEARING DENIED JUNE 7 and JUNE 30, 1977.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., Allen Post, David J. Bailey, Wesley R. Asinof,* for appellants.

*Lewis R. Slaton, District Attorney, Carter Goode, Assistant District Attorney,* for appellee.

NICHOLS, Chief Justice, dissenting.

The Court of Appeals has refused to pass on whether it was reasonable and necessary to have the victim's attorney present when the tape was played by the district attorney's office. This is not an evidentiary question. If the Court of Appeals had reviewed an application of Code Ann. § 26-3004 (k)'s "reasonable and necessary" standard to the facts of this case, then any further review by this court would be but another review of the evidence and insufficient, therefore, to support a grant of certiorari.

---

[2] We are not prepared to hold that although it may be necessary to replay wiretap evidence to the victim of a crime for voice identification purposes, the victim's attorney is precluded as a matter of law from being present. Assuming this, it is purely an evidentiary question as to whether the presence of the attorney in a particular case is "reasonably necessary and essential."

That is not the situation here, however. Here the Court of Appeals has hung its hat on the fact that the person overhearing the tape was the victim's attorney. This approach by the Court of Appeals completely ignores an earlier decision by this court in this same case that an analysis of "reasonable necessity and essentiality" is mandated by Code Ann. § 26-3004 (k). See *Orkin v. State,* 236 Ga. 176 (223 SE2d 61) (1976). *Nowhere* in § 26-3004 (k) can such an exception be found. Nowhere does the statute allow those parties to whom publication is reasonable and necessary to be accompanied by an attorney. The attorney *must* be subject to the same test as all parties hearing the tape.

It is indubitably obvious that this test has not been applied. This is not, in my opinion, merely an evidentiary question. Rather, it is a question of the application of a statute protecting the guarded and hallowed right of privacy, a question of undoubted importance and of the deepest gravity. Therefore, I respectfully dissent from the majority's dismissal of the appeal.

I am authorized to state that Justice Hill joins in this dissent.

UNDERCOFLER, Presiding Justice, dissenting.

Orkin made an incriminating statement over a telephone. The telephone was tapped. The application for the telephone tap warrant did not name Orkin. The state had probable cause to believe Orkin was engaged in criminal activity and Orkin was a primary target of the telephone tap. Not naming him excludes the intercepted statement from evidence. United States v. Donovan, ——U. S. —— (97 SC 658, 50 LE2d 652).

I am authorized to state that Chief Justice Nichols joins in this dissent.